**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 24-4540**

_____

UNITED STATES OF AMERICA,

        Plaintiff – Appellee,

        v.

ANTIONNE DARNELLE CHERRY, a/k/a Antionne Nicholas Cherry, a/k/a Antionne Nicholas Darnelle Cherry

        Defendant – Appellant.

_____

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. William L. Osteen, Jr., District Judge. (1:23-cv-00127-WO-1)

_____

Submitted:  December 2, 2025                          Decided:  March 3, 2026

_____

Before WYNN, HEYTENS, and BERNER, Circuit Judges.

_____

Affirmed by unpublished opinion. Judge Heytens wrote the opinion, which Judge Wynn and Judge Berner joined.

_____

**ON BRIEF:** Louis C. Allen, Federal Public Defender, Kathleen A. Gleason, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Greensboro, North Carolina, for Appellant. Randall S. Galyon, Acting United States Attorney, Julie C. Niemeier, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

TOBY HEYTENS, Circuit Judge:

Antionne Cherry appeals his sentence of 151 months' imprisonment. Seeing no reversible error, we affirm.

In 2023, police officers in Salisbury, North Carolina responded to a report that four people—including Cherry—were caught on video breaking into a home. When the officers arrived at the scene, Cherry fled on foot. Despite commands to "get on the ground," Cherry continued running and the officers gave chase. JA 11. What happened next is disputed. A pursuing officer testified that Cherry "turn[ed] to his right" and "physically reache[d] into his waistband," at which point the officer saw a "gun come up. . . . in an upward motion." JA 46. For his part, Cherry asserts the gun accidentally fell from his waistband and that a "video of the event . . . shows . . . [his] empty hands were in the air above his waist when the gun fell to the ground." Cherry Br. 9.

Following his arrest, Cherry pleaded guilty to violating 18 U.S.C. § 922(g)(1), which "is often called the 'felon-in-possession' offense." *United States v. Canada*, 123 F.4th 159, 161 (4th Cir. 2024). At sentencing, the district court credited the pursuing officer's testimony and applied a six-point enhancement to Cherry's offense level because Cherry assaulted that officer by attempting "to draw the firearm." JA 96; see U.S.S.G. § 3A1.2(c)(1) (2024). Based on the same facts, the district court also applied a four-point enhancement under Guidelines § 2K2.1(b)(6)(B) (2024), which is triggered if the defendant "used or possessed any firearm . . . in connection with another felony offense."

3

On appeal, Cherry makes two interrelated arguments. First, he contends the district court made a *factual* error "when it discounted the unambiguous video of the events and instead credited testimony that contradicted what was shown to have happened." Cherry Br. 6. Second, Cherry asserts that the district court committed a *legal* error when it concluded (based on that factual error) that the Guidelines enhancements described above applied in his case. See *id.* at 6–7.

Having reviewed the video ourselves, we understand Cherry's doubts about how it squares with the officer's testimony. See *United States v. Miller*, 54 F.4th 219, 229 (4th Cir. 2022) ("[W]hen an officer's testimony is clearly contradicted by video evidence, the court should normally discount the testimonial statements."). But we need not decide whether the district court's contrary factual finding is clearly erroneous because we conclude any error in calculating Cherry's Guidelines range was harmless. See *United States v. Gomez-Jimenez*, 750 F.3d 370, 382 (4th Cir. 2014) (discussing the "assumed error harmlessness inquiry").

An error in calculating a defendant's advisory Guidelines range is harmless when the record shows: "(1) the district court would have reached the same result even if it had decided the Guidelines issue the other way, and (2) the sentence would be reasonable even if the Guidelines issue had been decided in the defendant's favor." *United States v. Mills*, 917 F.3d 324, 330 (4th Cir. 2019) (alterations and quotation marks removed). We conclude both requirements are met here.

*First*, the district court left little doubt that it would have imposed the same sentence regardless of whether it had calculated Cherry's Guidelines range correctly. See JA 164

4

(stating that even if the challenged enhancements had not been "properly applied, then alternatively I would still land at 151 months" and explaining the grounds for that alternate sentence). Cherry's only response to this point is an assertion in his reply brief that "[t]he district court's mistaken belief about [his] actions inextricably informed its sentencing decision." Cherry Reply Br. 3. Even assuming that is sufficient to preserve the issue for our review, but see *Grayson O Co. v. Agadir Int'l LLC*, 856 F.3d 307, 316 (4th Cir. 2017), we disagree. In announcing its alternate variant sentence, the district court considered and discussed the dangerousness of the offense and Cherry's criminal history, among other 3553(a) factors. JA 162–63. The court's explanation contains no reference to the disputed assault or whether Cherry drew a firearm before being apprehended. Thus, even if the Guidelines issue had been decided in Cherry's favor, we are confident "the result at sentencing would have been the same." *United States v. Montes-Flores*, 736 F.3d 357, 370 (4th Cir. 2013).

*Second*, we conclude the district court's alternate variant sentence was both procedurally and substantively reasonable. In explaining why a 151-month sentence was warranted, the district court cited Cherry's "eight felonies that ha[d] not been counted toward[s] [criminal history] points in this case," JA 162; that "he was under the influence of marijuana, cocaine, and alcohol at the time of the instant offense conduct," JA 161; and "the need for specific deterrence," JA 163. The court also explained why it deemed Cherry's attempts to excuse his behavior "neither credible nor accurate in any respect." JA 161. As a reviewing court, we must "give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance," and Cherry makes

5

no argument that the district court's alternate variant sentence would have been overturned "under a deferential abuse-of-discretion standard" of review. *Gall v. United States*, 552 U.S. 38, 41, 51 (2007). We thus conclude any error here was harmless.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before us and argument would not aid the decisional process. The judgment is

*AFFIRMED.*